UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

DR. MARJORIE KING, et al.,

                Defendants.

**ORDER**

20-CV-02331 (PMH)

PHILIP M. HALPERN, United States District Judge:

      On February 4, 2022, Plaintiff filed a notice of interlocutory appeal. (Doc. 92). That same day, Plaintiff also filed a letter-motion seeking a conference in connection with her request for leave to move for a stay of discovery pending appeal under Federal Rule of Appellate Procedure 8(a). (Doc. 93). On February 8, 2022, Defendants filed a response in opposition to Plaintiff's letter-motion. (Doc. 95). Having thoroughly considered Plaintiff's submissions and Defendants' response thereto, the Court is exercising its discretion to deem Plaintiff' letter-motion as the motion for a stay and hereby DENIES the motion.[1]

      "Generally, when an appeal is taken pursuant to the collateral order doctrine, district courts retain their jurisdiction to proceed with trial pending resolution from the court above." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014). As set forth in Plaintiff's letter-motion, the factors for a District Court to consider in determining whether to enter a stay pending an interlocutory appeal are: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be

---

[1] As set forth in Rule 2.C of the Court's Individual Practices, the Court reserves the discretion to construe the pre-motion letters as the motion itself. As noted in that Rule, this procedure has been upheld by the Second Circuit under appropriate circumstances. *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022). The exercise of such discretion is rendered more appropriate by the Individual Rule, which effectively put the parties on notice of this possibility.

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Plaintiff, in this case, will not be irreparably injured absent a stay. Plaintiff argues that her appeal would be effectively mooted by the denial of a stay because a purpose of her motion for partial judgment on the pleadings and to strike certain affirmative defenses in Defendants' Answer was to "avoid a prejudicial and unnecessary increase in the duration and cost of litigation." (Doc. 93 at 4 (citing Doc. 72 at 1)). Boiling that thinking down to its essence, Plaintiff appears to contend that if the Court does not stay discovery now, then, should the Second Circuit rule in her favor and grant her the opportunity to more fully brief motions under Rules 12(c) and 12(f),[2] she would have already engaged in discovery on the claims for which she sought relief under Rule 12(c) and on the defenses for which she moved under Rule 12(f). That circumstance, argues Plaintiff, constitutes irreparable harm because discovery is costly. That argument in this factual context is unpersuasive. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of the stay, are not enough to show irreparable harm." *In re Bogdanovich*, No. 00-CV-02266, 2000 WL 1708163, at *6 (S.D.N.Y. Nov. 14, 2000) (internal quotation marks and citations omitted).

Most importantly, the motion which forms the basis for Plaintiff's appeal was a *partial* motion with two branches. Plaintiff sought judgment on three of her twelve claims for relief, and

---

[2] It is not clear that Plaintiff actually seeks on appeal to have the Second Circuit rule on the underlying letter-motion as her motion and grant the relief sought therein. Rather, Plaintiff appears to contend that it was improper for the District Court to deem her letter-motion as a motion made and rule on same; thus, were Plaintiff to succeed on appeal in a reversal of this Court's construction of the letter-motion as a motion, the parties presumably would still then have to brief a motion for partial judgment on the pleadings and to strike certain affirmative defenses, which certainly would "prejudicial[ly] and unnecessar[ily] increase . . . the duration and cost of litigation."

2

to strike seven of fourteen affirmative defenses in Defendants' Answer (one of which was withdrawn by Defendants). Had Plaintiff's motions been granted, the parties still would have had to engage in discovery regarding Plaintiff's other nine claims for relief as well as Defendants' seven other affirmative defenses. Plaintiff has not identified how many (if any) fewer witnesses would need to be deposed, or documents that would have had to be culled, reviewed, and exchanged, had her partial motions been granted.

Furthermore, given the serious constitutional violations alleged by Plaintiff and at issue, a stay would injure the other parties to this lawsuit. *See, e.g., Verizon New York Inc. v. Vill. of Westhampton Beach*, No. 11-CV-213, 2013 WL 5762926, at *9 (E.D.N.Y. Oct. 18, 2013). This case has been pending for almost two years and the deadline to complete fact discovery expires in approximately three months. Plaintiff's allegations against Defendants—multiple health care professionals—are very serious, and the matter should be, expeditiously, brought to a head. As to the public interest factor, stays are disfavored where it would hinder the speedy adjudication of constitutional claims. *Id*. at *9; *V.S. v. Muhammad*, No. 07-CV-00213, 2008 WL 5068877, at *1 (E.D.N.Y. Nov. 24, 2008).

As to the likelihood of success factor, the Second Circuit varies "[t]he necessary level or degree . . . according to the court's assessment of the other [three] factors." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). Here, the Court has found that the other three factors unequivocally militate against the granting of a stay. Thus, Plaintiff is required to make a particularly strong showing of a likelihood of success on the merits of her appeal to obtain a stay. That strong showing is lacking, as it does not appear to this Court that the collateral order doctrine even applies to the Order from which Plaintiff appeals. *See Fischer v. New York State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (discussing the "stringent" conditions applicable to the

3

collateral order doctrine: that the order "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." (internal quotation marks and citations omitted)). The Order simply denied Plaintiff partial judgment on her pleading and the striking of certain affirmative defenses—hardly a set of facts stating a particularly strong showing of likelihood of success under the collateral order doctrine.

Accordingly, Plaintiff's motion for a stay pending appeal is DENIED.

The Clerk of the Court is respectfully directed to terminate the letter-motion pending at Doc. 93.

SO ORDERED:

Dated:   White Plains, New York
         February 14, 2022

_____
PHILIP M. HALPERN
United States District Judge