# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
120 BROADWAY
13TH FLOOR
NEW YORK, NEW YORK 10271
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

**Re:   Jane Doe v. King, et al. 7:20-cv-02331 (PMH)**

Dear Judge Halpern:

The parties write jointly regarding Def[endants'] expert disclosures and accompanying depos[itions] Plaintiff from relying on the testimony of the [Treaters] which scheduled for early November, pending [] and were unable to resolve this dispute. Their r[espective positions are set forth below.]

> The expected testimony of the eight witnesses described in Plaintiff's Rule 26(a)(2)(C) disclosures (Doc. 131-1) is testimony of treating physicians as to facts acquired and opinions formed during consultation with Plaintiff, which is factual and not expert testimony. Indeed, Plaintiff in this letter describes these individuals as "non-expert fact witnesses." (Doc. 131 at 4). The time to complete fact discovery expired on 9/26/2022. As Plaintiff has had ample opportunity to obtain the information by discovery in this action, the Court declines to grant Plaintiff leave under Rule 30(a)(2)(A)(i) to take the depositions of the eight treatment providers. Defendants' application to strike the eight expert disclosures and deposition subpoenae is granted. Any application for a stay is denied as moot in light of the Court's rulings herein.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           November 1, 2022

**Defendants' Position**: Fact discover[y closed on 9/26/22. To depose certain fact] witnesses, Plaintiff requested a second extensi[on of fact discovery to depose, inter] *alia*, 8 more of her treatment providers ("Trea[ters"). The Court denied that request.] No. 128. Plaintiff now relabels the same 8 Trea[ters as expert witnesses in an attempt] to circumvent the Court's prior order. Attache[d as Exhibit A are Plaintiff's 8] nearly-identical FRCP 26(a)(2)(C) expert disclosures, with accompanying subpoenas, served 10/13/22. It is clear, however, that all 8 Treaters are fact witnesses, not experts, and Plaintiff's disclosures and subpoenas should be stricken because fact discovery is already closed.

Plaintiff's disclosures state that the Treaters will testify only about their "assessments, treatments and goals" or "assessment and diagnosis" of Plaintiff and do not disclose any opinions beyond their treatment of Plaintifff, confirming that all 8 Treaters are plainly fact, not expert, witnesses. *See, e.g., Shepler v. Metro-North*, No. 13 CIV. 7192, 2016 WL 1532251, at *2

---

[1] The 8 Treaters are Lehn, Meara, Tillinghast, Quail, Cooperman, Mondschein, Patilal, and Krichmar. Notably, like Defendants, Lehn, Meara, Tillinghast, and Quail are employees of Helen Hayes Hospital ("HHH") and they retained the undersigned defense counsel, who served written objections to the subpoenas on 10/25/22.

(S.D.N.Y. Apr. 15, 2016); *DeRienzo v. MTA*, 2004 WL 67479, at *2 (S.D.N.Y. 2004). Thus, the Court should strike Plaintiff's expert disclosures and subpoenas as an attempt to circumvent the fact discovery deadline. *See, e.g., U.S. ex rel. Lee v. N. Metro. Foundation*, No. 13-CV-04933, 2021 WL 3634765, at *5 (E.D.N.Y. Aug. 16, 2021) ("Rule 45 subpoenas may not . . . be used to circumvent discovery deadlines."). The portion of *Shepler* relied upon by Plaintiff concerns the *de bene esse* deposition of an opposing party's non-treating, retained expert and is therefore inapplicable to the issue presented here, where Plaintiff seeks to depose 8 treatment providers as fact witnesses for discovery purposes well after the close of fact discovery.

Plaintiff appears to concede below that the Treaters are fact witnesses and argues that she must depose the 4 HHH Treaters (Lehn, Meara, Tillinghast, and Quail) based on "new" information obtained during the Velez and Seliger depositions. Yet, Velez and Seliger were deposed on 8/17/22 and 9/16/22, and Plaintiff offers no reason for her delay in seeking further depositions based on their testimony. Similarly, Plaintiff has had Dr. Quail's report for over six months, yet fails to explain why she never sought his deposition earlier or what relevance there might be to the fact that Plaintiff was infected with Covid-19 at the time Dr. Quail examined her. Nor does Plaintiff provide any explanation for why she needs to depose the other 4 non-HHH Treaters (Cooperma, Kirchmar, Patilal, and Mondschein). Clearly, Plaintiff seeks these depositions to engage in further fact-finding, not true expert discovery. Indeed, Lehn and Meara were on the fact deposition schedule until Plaintiff unilaterally removed them of her own accord. Any remaining doubt that the Treaters are not expert witnesses is quelled by the fact that Plaintiff had to subpoena her own purported experts, has not spoken to them directly, and does not know what, if any, opinions they have to offer beyond their treatment of Plaintiff.

Plaintiff's expert disclosures are also substantively deficient and fail to comply with Rule

26(a)(2)(C) because they fail to include the required summary of the expert opinions, how the expert arrived at the opinions, and how the expert formed those opinions for the purposes of testifying at trial, rather than merely while treating the plaintiff. *Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429, 2017 WL 5613115, at *6 (E.D.N.Y. Nov. 21, 2017). Further, the expected testimony (Plaintiff's treatment during and after her stay at HHH) is not relevant to any issue in this case, and, even if relevant, depositions of 8 more treatment providers would be unnecessarily cumulative as the the parties have already exchanged thousands of pages of medical records, including the Treaters' records, and Plaintiff also already deposed several other HHH treatment providers during fact discovery, including Velez (HHH administrator of in-patient therapy), Seliger (the attending physician), and Johnson (a nurse practitioner).

**Plaintiff's position**: Plaintiff seeks leave of this Court to subpoena non-retained expert witnesses under F.R.C.P. 30(a)(2)(A)(i). Reading *Shepler v. Metro-North* closely, the presiding judge acknowledged that both parties argued if the subject was a fact witness or an expert witness. Under F.R.C.P. 30(a)(1), "A party may, by oral questions, depose any person...". According to Shepler, "This broad rule is not limited for non-party witnesses, fact witnesses, or either party's retained or non-retained expert witnesses... No matter his status as a witness, he is a person who can be deposed because of the breadth of Rule 30(a)(1)." *Shepler*, *supra*, internal citations omitted. Under F.R.C.P. 30(a)(2)(A)(i): "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." Here, Defendants object to the deposition of non-retained expert witnesses; however, such depositions are non-duplicative and cannot be obtained from any other source, as explained *infra*.

"Defendants Dr. Seliger and Velez… affirmatively state[d] that on February 21, 2020, HHH temporarily reduced the number of hours of therapy that plaintiff received but that plaintiff continued to receive weekly therapy[.]" ECF 70 at ¶ 98. Despite these pleadings, during deposition, new information during discovery came to light: Defendant Velez wholly relied upon the recommendations of the Treaters for Plaintiff's treatment: "[The Treaters] made a recommendation as to what they thought [Plaintiff] would benefit from." See Exhibit 1, p.174, l. 11-12. However, Treaters never documented that alleged recommendation in the medical records for Plaintiff. Plaintiff cannot retain an expert to review information that is not documented in the medical records. Defendants have only two options: (i) make the Treaters available to provide their expert opinion; or (ii) limit their defense to information documented in the medical record. There is no other option. Therefore, it is a legitimate request for the Treaters to be subpoenaed as non-expert fact witnesses.

Dr. Seliger also defends his position that Plaintiff should not have been in the hospital on the grounds that, "...the therapists who were treating [Plaintiff]… d[id] the best they can, but I don't think they can perform as optimalist (sic) service for the patient as a skilled subacute therapist." See Exhibit 2, p.102, l.3-10. However, New York State does not issue any enhanced licensing to designate an individual is a "skilled subacute therapist". Deposition is needed to memorialize the alleged limitations in each Treaters' respective expertise relative to Plaintiff's individual treatment needs. Therefore, the therapists themselves must be deposed. Dr. Seliger also mentioned in his deposition that Dr. Quail performed the neuropsychology examination on Plaintiff while suffering from Covid-19. When asked whether the neuropsychological examination biased the report, Dr. Seliger admitted, "it would be possible that it did." See Exhibit 3, p.114, l.13-16. However, Dr. Quail's report did not document Plaintiff's Covid-19

Case 7:20-cv-02331-PMH Document 131 Filed in NYSD on 10/31/2022 Page 5 of 6

infection. Absent such documentation, Dr. Quail is the only expert who can testify knowingly as to the effect of potential effect on Covid-19 on his report.

Defendants' speciously cite a *qui tam* action as persuasive law. The plaintiff-relator in that case attempted to introduce a witness "almost twenty-two months after the close of discovery." *U.S. ex rel. Lee v. N. Metro. Foundationn for Healthcare, Inc.*, *supra* at 2, emphasis added. Here, Plaintiff is diligently working in good faith within the parameters of Your Honor's discovery schedule. Moreover, Rule 26(a)(2)(C) disclosure for the non-retained expert witnesses is no less descriptive than what Defendant Counsel provided for Defendant Dr. Seliger, Defendants' only non-retained expert witness (and no retained expert witnesses provided). Also, *Reynolds v. Am. Airlines, Inc.* is completely irrelevant and should be ignored. That case was already in the trial phase, where the issue was whether to accept an exhibit presented in the amended pre-trial order, when it was arguably inadmissible hearsay and not even introduced on direct examination at the trial. That is not the case here.

Lehn and Meara were removed from the fact witness schedule because Plaintiff gave Defendants every benefit of the doubt in determining whether they played a key role. Defendants Dr. Seliger, Defendant Velez, Defendant Galvin, and Defendant Witness Yvonne Evans all identified Lehn and Meara as having limited scope in providing information about therapy. During this discovery process, Plaintiff discovered that Defendants' depositions lacked any indication as to Plaintiff's therapy regiment and thus highlighted the substantial need depose each Treater (Rule 26(b)(1)). Lastly, Defendants claim that a subpoena for Plaintiff's non-retained expert witnesses implies a lack of relationship. That is mere speculation and is overreaching. Any relationship here is professional via subpoena. Even assuming *arguendo* the assertion is true, Plaintiff's priority is complying with Your Honor's discovery deadlines.

Respectfully submitted,

**LANDMAN CORSI BALLAINE & FORD P.C.**  **THE LAW OFFICE OF THUY Q. PHAM**
*Attorneys for Defendants*                    *Attorney for Plaintiff*

By: _____/s/_____        By: _____/s/_____
    Daniel S. Moretti                            Thuy Q. Pham
    Rebecca W. Embry                         225 West 23rd Street, #6G
    120 Broadway, 13th Floor               New York, New York 10011
    New York, New York 10271           (917) 532-2991
    (212) 238-4800                                 thuyQpham1@gmail.com
    dmoretti@lcbf.com
    rembry@lcbf.com