# THE LAW OFFICE OF THUY Q. PHAM

*Via ECF*  February 10, 2022
Hon. Philip M. Halpern,
United States District Judge, Southern District of New York

RE: Jane Doe v. Seliger et al., No. 20 CV 2331(PMH)
   Plaintiff's Request for Leave to Serve Defendant a Shared Rule 56.1 Statement.

Dear Judge Halpern:

Jane Doe ("Plaintiff") and Defendants […]

Defendants' January 31, 2023 56.1 statement […]

anonymize). Defendants' 56.1 does not co[…]

56.1"), nor Your Honor's Individual Rule 4[…]

56.1 does not conform to Your Honor'[s …]

conference ("Conference", ECF 140-5 (tran[…]

leave to serve a conforming Rule 56.1 s[…]

additional undisputed facts. In the altern[ative …]

modified November 30, 2022 Order (ECF 1[…]

> Plaintiff's application for a 30-day extension for plaintiff to serve a Rule 56.1 Statement on defendants and strike their Rule 56.1 Statement, or a stay of the deadlines to serve and file pre-motion letters and a Rule 56.1 Statement, is denied. The deadlines set forth in the Court's November 30, 2022 Order, as modified by the December 7, 2022 Order, are extended one week as follows: Plaintiff's time to serve upon defendants her responses to the Rule 56.1 Statement together with any counterstatement of facts is extended to February 21, 2023. Defendants' responses to any counterstatement of facts shall be completed by, and their pre-motion letter together with the Rule 56.1 Statement shall be filed by, February 28, 2023. Plaintiff's opposition to defendants' pre-motion letter shall be filed by March 7, 2023.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        February 13, 2023

**Defendants' 56.1 Failed to Challenge** […]

Rule 56.1 Statement shall be organized first by [*inter alia*]… claim(s) for relief or defenses (as applicable), setting forth the particular facts applicable to each." Individual Rule 4(E)(iii). At Conference, Your Honor emphasized organizing the 56.1 statement by "claim for relief by claim for relief, *affirmative defense by affirmative defense*." ECF 140-5, 20:1-2, emphasis added. Here, Defendants' 56.1 (ECF 153-1) fails to adhere to Your Honor's clear directive at Conference. Therefore, Defendants' 56.1 does not conform with Individual Rule 4(E)(iii).

**Defendants' Failure to Identify Any Affirmative Defense Disregards Second Circuit Law:**

Jurisprudence in the Second Circuit, and this District, abhors a defendant proceeding with implausible affirmative defenses. *Shechter v. Comptroller of N.Y.C.*, 79 F.3d 265, 270 (2d Cir.

THE LAW OFFICE OF THUY Q. PHAM

1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts *have no efficacy*", emphasis added, internal citations omitted); *Sec. & Exch. Comm'n v. Rayat*, 21-cv-4777 (LJL), 7 (S.D.N.Y. Oct. 18, 2021) ("The Second Circuit has held that… the stage of the proceedings 'is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense.'" quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019)); *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006) (an "affirmative defense should be stricken where insufficient as a matter of law *to eliminate the delay and unnecessary expense from litigating the invalid claim*", emphasis added, citation omitted). Here, Defendants' Answer raises 14 affirmative defenses at ¶¶ 207-21(Ans., ECF 70), including "qualified immunity/good faith" defenses, *id.* at 218-19. After 3 years of litigation, Plaintiff has a right to receive notice, *before summary judgment motion practice begins*, as to what alleged facts Defendants contend are applicable to each individual affirmative defense to be raised. Your Honor's Individual Rule 4(E)(iii) preserved Plaintiff's right to such notice, and Your Honor amplified Plaintiff's right through your instructions in Conference. Without explanation, Defendants entirely failed to identify any affirmative defense in Defendants' 56.1 Statement. Therefore, Plaintiff has good cause to object to Defendants non-compliance with Your Honor's Individual Rule 4(E)(iii), as prejudicial to Plaintiff's right to factual elaboration of Defendants' affirmative defenses.

**Defendants' 56.1 is Not a Statement of Undisputed Facts:** A Rule 56.1 statement is limited to alleging facts in which "there is no genuine dispute". F.R.C.P. 56(a). Your Honor noted: "If there are factual disputes, then I can't grant summary judgment to either of you". ECF 140-5 21:15-16. Here, Defendants 56.1 Statement is defective in that it is divided into *disputed* "Defendants' Statement Of Facts" and "Plaintiff's Statement Of Facts" sections. This structure

## THE LAW OFFICE OF THUY Q. PHAM

invites denial of summary judgment to all parties. Your Honor instructed, "Defendants will get [their Rule 56.1 statement] to [Plaintiff] beforehand, and she will admit or deny. If [Plaintiff] do[es] anything but admit or deny, I will deem the facts admitted." ECF 140-5, 18:23-19:1. Your Honor's further instructed, "25 pages will be shared by both of you, and you will -- to the extent, [Defendants] don't need all 25 pages, [Plaintiff] can use whatever additional space there is for her additional facts that she needs." ECF 140-5, 19:4-7. Plaintiff reasonably expected to receive 25 pages as Defendants' Rule 56.1. Plaintiff suggested Defendants use Plaintiff's May 10, 2022 Rule 56.1 statement (ECF 109-1) as a starting point. However in the 62 days after Conference, Defendants never contacted Plaintiff to meet-and-confer, and then served Plaintiff with a Rule 56.1 statement not conforming to Individual Rule 4(E)(iii). Plaintiff has only 14 days either to "admit" or "deny", with minor factual supplementation. Plaintiff already provided a conforming 56.1 statement. Therefore, Plaintiff has good cause to respectfully seek 30 days' leave to serve an updated conforming Rule 56.1 statement. Defendants' 56.1 is plainly defective.

**Defendants' Position**: Plaintiff's application appears principally to be a request for a 30-day extension of time to serve her response and counterstatement of facts, which is due on 2/14/23, premised on belated and specious complaints that Defendants' 56.1 statement does not comply with Your Honor's rules. Defendants do not object to a 1-week extension of Plaintiff's deadline, along with a concurrent extension of the subsequent related deadlines. Defendants oppose the application in all other respects, including to the extent that Plaintiff seeks to strike Defendants' 56.1 sstatement and to upend the summary judgment procedure established by this Court. Plaintiff fails to identify sufficient cause for such drastic relief at this late stage.

Plaintiff's main argument appears to be that Defendants should have adopted her prior May 2022 56.1 statement, which she served before depositions even began. Notably, however,

## THE LAW OFFICE OF THUY Q. PHAM

Plaintiff did not raise any objections to the summary judgment procedure set forth by the Court at the 11/30/22 conference, including that Defendants would serve their 56.1 Statement first, when the Court first announced it over two months ago. Nor does the undersigned have any recollection of Plaintiff's counsel requesting that Defendants use her old 56.1 statement, and, in any event, they were under no obligation to do so. That Plaintiff now realizes that she prefers to start with her own statement is not a valid basis to strike Defendants' 56.1.

Further, Plaintiff waited an entire week after receiving Defendants' 56.1 statement before claiming for the first time that it violates the Court's rules. Regardless, Plaintiff's complaints are unfounded. Defendants respectfully submit that they have substantially complied with the spirit of the Court's directive to organize the 56.1 statement "***first*** by facts applicable to ***all claims*** for relief and by claim(s) for relief or defenses (***as applicable***)." Individual Rule 4(e) (emphasis added). Although Plaintiff asserted 12 separate causes of action, all her Section 1983 claims allege deprivations of liberty or property interests arising out of the same allegedly unconstitutional act, i.e., Defendants' attempted discharge of Plaintiff from Helen Hayes Hospital, and the state tort claims are all related or derivative (e.g., abuse of process, aiding and abetting, and conspiracy). The facts in Defendants' concise, 12-page 56.1 apply to all these claims while leaving Plaintiff ample room to respond and assert a counterstatement within the 25-page limit. The only claims that are arguably factually distinct are those that arise solely out of the guardianship proceeding, and facts unique to those claims are largely set apart in separate sections titled "HHH Initiates a Sealed Guardianship Proceeding to Facilitate Safe Discharge" and "The Proxies' Continued Refusal to Discharge." Defendants also set apart "Facts Relevant to Damages and Injuries." Moreover, given that Defendants 56.1 statement is relatively brief despite an otherwise complex factual record (it is only 12 double-spaced pages), Plaintiff cannot

## THE LAW OFFICE OF THUY Q. PHAM

reasonably claim that Defendants have hidden or obfuscated the facts they intend to rely on in support of their motion for summary judgment.

Plaintiff's complaint that Defendants' 56.1 statement does not identify affirmative defenses is inapposite, and Plaintiff appears to be conflating the 56.1 statement with the pre-motion letter. A 56.1 statement is strictly limited to setting forth facts, *Sattar v. U.S. Dep't of Homeland Sec.*, 669 F. App'x 1, 3 (2d Cir. 2016) ("Rule 56.1 statements are statements of fact rather than legal arguments."), and Defendants' pre-motion letter, which is not due until 2/21/23, will "inform[] the Court [and Plaintiff] of the basis for" their motion, Individual Rule 4(E)(vii).

In sum, Plaintiff has a full and fair opportunity to deny Defendants' facts and cure any purported deficiencies in her counterstatement. Plaintiff cannot reasonably claim any prejudice or inability to respond to Defendants' 56.1 statement and her application should be denied, except Defendants consent to a 1-week extension of her deadline to respond.

| THE LAW OFFICE OF THUY Q. PHAM | LANDMAN CORSI BALLAINE & FORD P.C. |
|---|---|
| /s/ Thuy Q. Pham | /s/ Daniel Moretti |
| By: Thuy Q. Pham | By: Daniel Moretti |
| Attorney for the Plaintiff | Attorneys for Defendants |
| 225 West 23rd Street, #6G | 120 Broadway, 13th Floor |
| New York, New York 10011 | New York, New York 10271 |
| (917) 532-2991 | (212) 238-4800 |
| thuyQpham1@gmail.com | dmoretti@lcbf.com |