# THE LAW OFFICE OF THUY Q. PHAM

<u>Via ECF</u>  May 17, 2024
Hon. Philip M. Halpern,
United States District Judge, Southern District of New York

RE: Doe v. Martucci et al., No. 20 CV 2331 (PMH)
   Plaintiff's request that this Court issue a Show Cause order pursuant to Rule 11(c)(3)

Dear Judge Halpern:

   Plaintiff respectfully writes Your Honor to request, pursuant to Federal Rule of Civil Procedure, Rule 11(c)(3) ("Rule 11"), that Your Honor order Daniel S. Moretti, Esq., Daniel J. Tarolli, Esq., and the law firm Landman Corsi Ballaine & Ford P.C., to show cause why Defendants' filing ECF 238 ("Challenged Filing") has not violated Rule 11(b). Defendants previously admitted that filing a legal contention with this Court that is "foreclosed *a priori* by binding legal precedents" is violative of Rule 11(b). ECF 234 at p. 7.

**DEFENDANTS' FRIVOLOUS EXHA[USTION ARGUMENT]**

***Overview***: Defendants are state officials. ECF 172 at ¶[...] motion to modify the Decision and Order, which [...] requirement for 42 U.S.C. § 1983 ("§1983") claims. [...] statutory exhaustion provision: "No action against the U[nited States, the Commissioner of Social] Security, or any officer or employee thereof shall be bro[ught under section 1331 or 1346 of Title] 28 to recover on any claim arising under [the subchapter]" [...] ("§ 405(h)"). Defendants' frivolous exhaustion argument consists of three contentions that are each foreclosed by binding precedent.

***Defendants' Legal Contention #1 to this Court***: "Plaintiff's claims are clearly challenges to the termination of her Medicare benefits." ECF 238 at p. 10.

***Existing Binding Precedent #1***: "Although we hold below that the state defendants were acting under color of federal law, this, without more, does not suffice to render them officers or

---

Application denied as procedurally improper. *See* Fed. R. Civ. P. 11(c)(3); *Bank v. Digital Media Sols., Inc.*, No. 22-CV-00293, 2023 WL 1766210, at *4 n.5 (E.D.N.Y. Feb. 3, 2023).

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       May 24, 2024

---

employees of the United States within the meaning of § 405(h)." *Ellis v. Blum*, 643 F.2d 68, 76 (2d Cir. 1981).

***Defendants' Legal Contention #1 is Foreclosed <u>A Priori</u>***: Even if Plaintiff assumes, *arguendo*, that Defendants were acting under color of federal law, Defendants failed to present any argument related to the "without more" element of *Ellis*, 643 F.2d at 76. Therefore, *Ellis*, 643 F.2d at 76 forecloses Defendants' exhaustion argument *a priori*.

***Defendants' Legal Contention #2 to this Court***: "Plaintiff's argument that Count III (violation of right to written discharge plan) and Count V (right to further IRF therapy) involve constitutional claims and state-created property rights over which the ALJ had no jurisdiction are inapposite and easily defeated." ECF 238 at p. 11.

***Existing Binding Precedent #2***: "The authority of an ALJ is circumscribed by the appointing agency's enabling statutes and its regulations." *Matthews v. Leavitt*, 452 F.3d 145, 152 (2d Cir. 2006) (quotation marks and citation omitted).

***Defendants' Legal Contention #2 is Foreclosed <u>A Priori</u>***: Defendants failed to identify the enabling Medicare statutes or regulations, if any, that Defendants purport would grant a ALJ subject matter jurisdiction over: (i) non-compliance with state discharge planning policy, ECF 172 at ¶ 122; or (ii) a decision by a *state* Medicare provider to place a patient on a "maintenance program" that was not specifically mentioned by the Medicare contractor reviewing the medical record, *id.* at ¶ 128. Defendants also failed to identify the enabling Medicare statutes or regulations, if any, that Defendants purport would grant an ALJ to have personal jurisdiction over individual state employees and officials that are Defendants here.

***Defendants' Legal Contention #3 to this Court***: "Other courts have recognized that claims under § 1983 are subject to the exhaustion requirement set forth under § 405(h). See, e.g.,

*Travis v. Comm'r of Soc. Sec.*, No. 22-CV-8640, 2024 WL 496776, at *9 (S.D.N.Y. 2024), R&R adopted, 2024 WL 498097 (S.D.N.Y. 2024)." ECF 238 at p. 10.

**Existing Binding Precedent #3**: "[E]xhaustion is necessary prior to bringing a [42 U.S.C.] § 1983 action only where Congress has carved out a specific exception to the general rule that exhaustion is not required." *Doe v. Pfrommer*, 148 F.3d 73, 78 (2d Cir. 1998).

**Reason Defendants' Legal Contention #3 is Foreclosed <u>A Priori</u>**: The decisions of "[o]ther courts", without more specificity, is not relevant. Binding precedent is *Pfrommer*, 148 F.3d 73. Moreover, the issue at bar concerns claims involving a "person [acting] under color of… State" law. § 1983. *Travis* cannot bring § 1983 claims, because *Tavis* is against a *federal* actor, the Commissioner of Social Security, which did not act under the color of State law. Therefore, Defendants' reliance upon *Travis* is plainly frivolous.

## DEFENDANTS' FRIVOLOUS "UNDISPUTED FACTS" ARGUMENT

**Overview**: Defendants oppose Plaintiff's motion to vacate the summary judgment order, that their conduct is not conscience-shocking. Defendants purport their lack of malice is not disputed.

**Defendants' Legal Contention #4 to this Court**:

> Importantly, although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion. *Simpson v. City of New York*, No. 12 CIV. 6577 KBF, 2014 WL 595759, at *2 (S.D.N.Y. 2014) (denying motion for reconsideration of decision granting summary judgment based on the Plaintiff's argument that the court did not credit his version of facts)[.]

ECF 238 at p. 13 (alterations removed)

**Existing Binding Precedent #4**:

> [T]he district court limited its consideration of the facts to those undisputed by either party and failed to consider—in the light most favorable to [non-movant]—any facts that were in dispute. We disagree that the lens through which the totality of the events must

> be viewed may be so narrowly focused, to the exclusion of contextual facts [.]

*Simpson v. City of N.Y.*, 793 F.3d 259, 265-66 (2d Cir. 2015) (Reversing a grant of summary judgment to a defendant in *Simpson*, 2014 WL 595759).

**Reason Defendants' Legal Contention #4 is Foreclosed <u>A Priori</u>**: Defendants' argument under *Simpson*, 2014 WL 595759, is clearly foreclosed *a priori*, as the Second Circuit, in *Simpson*, 793 F.3d 259, reversed the lower court's ruling. In deciding whether to vacate the order granting summary judgment to Defendants, this Court must consider both undisputed and disputed facts in the light most favorable to Plaintiff. To wit: this Court must accept that Plaintiff's health care agents were "best situated to know Plaintiff's wishes and instructions [and] were best positioned to know whether or not following the recommendations of HHH's rehabilitation team, Defendant Dr. Seliger, and Livanta were in Plaintiff's best interest." ECF 172 at ¶¶ 88-89. This Court must consider the context, where it is plausible to infer that Defendants were motivated by a personal animus towards Plaintiff's son, arising from perceived slights of Plaintiff's son allegedly accusing Defendants of attempting to "cover up medical information," allegedly threatening Defendants with litigation, allegedly being "hostile and aggressive" with Defendants, and allegedly "bullying" Defendants. *Id.* at ¶¶ 44-45. Personal animus towards Plaintiff's son is not a proper motive for breaching Plaintiff's privacy.

### DEFENDANTS' IMPROPER PURPOSES OF DELAY AND ADDED EXPENSE

"The signature of an attorney… constitutes a certificate by the signer that it is not interposed for any improper purpose, such as… to cause unnecessary delay or needless increase in the cost of litigation." *Cooter Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990). "It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court". *Id.*, 496 U.S. at 393. Here, the merits of this case are straight-forward. New York State owned-and-operated

THE LAW OFFICE OF THUY Q. PHAM

Helen Hayes Hospital ("HHH") admitted Plaintiff. ECF 172 at ¶¶ 1, 16. HHH provided Plaintiff with a plainly-worded, state-published booklet as to her rights. *Id.* at ¶ 72. Defendants, as HHH employees and state officials, violated those rights including, *inter alia,* the right to a written discharge plan. *Id.* at ¶ 122. Plaintiff was 78 years old when she commenced this action. Plaintiff is now 82 years old. Defendants do not dispute that Plaintiff has never received any ruling from this Court that "address[es] her merits arguments". ECF 238 at p. 7-8.

    Defendants' act of filing ECF 238 is for the improper purpose of using baseless legal contentions to obstruct Plaintiff's ability to receive a speedy and inexpensive ruling on the merits of her claims. Defendants' exhaustion argument is foreclosed *a priori* by binding precedent. *Ellis* is the only exhaustion-related binding precedent cited by Defendants that comports with the facts of this case. However, Defendants have never acknowledged that, in *Ellis*, the Second Circuit denied imposing an exhaustion requirement in similar factual circumstances. Defendants failed to perform the most fundamental step of administrative law: identifying the enabling statutes and regulations at issue for jurisdictional arguments. There is no justification for Defendants to present an "undisputed facts" argument rooted in the district court decision *Simpson*, 2014 WL 595759, which the Second Circuit reversed in *Simpson*, 793 F.3d 259.

    Simply put, Daniel S. Moretti, Esq., Daniel J. Tarolli, Esq., and the law firm Landman Corsi Ballaine & Ford P.C. filed ECF 238 in blatant disregard for Rule 11(b). Those attorneys' singular purpose is to prevent Plaintiff from receiving a ruling on the merits. The four corners of ECF 238 demonstrates those lawyers' willingness to focus on presenting baseless arguments to this Court, thereby adding the anticipated delay and expense of needless appellate review on issues foreclosed *a priori* by binding precedent. Therefore, Plaintiff respectfully requests that Your Honor issue a show cause order, pursuant to Rule 11(c)(3).

## THE LAW OFFICE OF THUY Q. PHAM

                                                Respectfully submitted,
                                                /s/ Thuy Q. Pham
                                                Thuy Q. Pham, Esq.
                                                The Law Office of Thuy Q. Pham